UNITED  STATES  DISTRICT  COURT
SOUTHERN  DISTRICT  OF  OHIO
WESTERN  DIVISION

| | | |
|---|---|---|
| TERRY L. TAYLOR, | : | Case No. 1:07-cv-627 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal.  At issue is whether the administrative law judge ("ALJ") erred in finding Plaintiff "not disabled" and therefore unentitled to a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI").  (*See* Administrative Transcript ("Tr.") (Tr. 29-32, 35-37) (ALJ's decision)).

**I.**

On April 25, 2003, Plaintiff filed an application for DIB and SSI, alleging a disability onset date of February 4, 2003, due to vascular disease, failed back syndrome with radiculopathy, bilateral renal artery stenosis, arthritis, insulin dependant diabetes mellitus, COPD, and depression.  (Tr. 15, 57-58).

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Upon denial of his claims on the state agency level, Plaintiff requested a hearing *de novo* before an ALJ. (Tr. 29-32, 35-37, 38). A hearing was held on October 11, 2005, at which Plaintiff appeared with counsel and testified. (Tr. 272-331). A medical expert, Richard Watson, M.D. and vocational expert, Janet Rogers, were also present and testified. (Tr. 272-331).

On March 22, 2006, the ALJ entered his decision finding Plaintiff not disabled. (Tr. 12-24). That decision became Defendant's final determination upon denial of review by the Appeals Council on June 4, 2007. (Tr. 5-7).

The ALJ's "Findings," which represent the rationale of his decision, were as follows:

1.   The claimant meets the insured status requirements of the Social Security Act through December 2007.

2.   The claimant has not engaged in substantial gainful activity at any time relevant to this decision (20 CFR 404.1520(b) and 416.920(b)).

3.   The claimant has the following sever impairments: major depression; right knee arthritis, status post two right knee surgeries; lumbosacra degenerative disc disease, status post 1995 laminectomy; and peripheral vascular disease, status post May 28, 2003 left femoral popliteal bypass (20 CFR 404.1520(c) and 416.920(c)).

4.   The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 404.920(d), 416.925 and 416.926).

5.   After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the requirements of work activity except as follows: He can lift/carry/push/pull up to 20 pounds occasionally and up to 10 pounds frequently. He can stand

-2-

and/or walk for up to 2 hours per 8-hour workday; he can do so for 30 minutes at a time, but he then must be able to sit for 2-3 minutes.  He can sit up to 7 hours per 8-hour workday; he can do so for up to 1 hour at a time, but he then must be able to stand for 2-3 minutes.  The claimant can occasionally stoop, kneel, crouch, and climb ramps/stairs.  He can never crawl, climb ladders/ropes/scaffolds, or perform work requiring the forceful use of either lower extremity.  He should not work at unprotected heights or around hazardous machinery.  The claimant cannot remember or carry out detailed instructions.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on May 9, 1962 and was 40 years old on the alleged disability onset date, which is defined as a younger individual age 18-44 (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability due to the claimant's age (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant number in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

11. The claimant has not been under a "disability," as defined in the Social Security Act, from February 4, 2003 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 17 - 24).

In sum, the ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Regulations, and was therefore not entitled to DIB or SSI.  (Tr. 24).

On appeal, Plaintiff maintains that: (1) the ALJ erred in failing to consider Plaintiff's pain; (2) the ALJ failed to consider all medical evidence with regard to Plaintiff's weakness; and (3) the ALJ failed to consider additional evidence that Plaintiff was allowed to supplement after the hearing and that the vocational expert was not given an opportunity to review. Each argument will be addressed in turn.

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

The claimant bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits. 20 C.F.R. § 404.1512(a). That is, he must present

-4-

sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

## A.

For his first assignment of error, Plaintiff maintains that the ALJ erred in failing to consider his complaints of pain and subsequently determining that his testimony was credible only to the extent that it was consistent with the ALJ's RFC.

When considering a claim for disability based on pain, the Court is guided by the Sixth Circuit's instruction that, initially, there must be objective evidence of an underlying medical condition. *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). If such evidence exists, there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition, or the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged disabling pain. *Id.; see also Felisky*, 35 F.3d at 1038-39.

Moreover, it is within the discretion of the ALJ, who actually meets with and takes testimony from an individual plaintiff, to evaluate that plaintiff's credibility. As the Sixth Circuit has found: "[i]t is for the [Commissioner], not a reviewing court, to make credibility findings." *Felisky*, 35 F.3d at 1036; *see also McGuire v. Comm'r of Soc. Sec.*, No. 98-1502, 1999 WL 196508, at *6 (6th Cir. Mar. 25, 1999) (*per curiam*) ("An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's

-5-

demeanor and credibility.").

Here, the record reflects:

Plaintiff consistently complained to his attending physicians that he had severe low

back pain, leg pain, foot pain, numb feet, hands and leg cramping.  (Tr. 144, 149-150,

117-120, 163-172).  Plaintiff had suffered from back and knee injuries for years, but he

continued to work long hours at his job.  (Tr. 114-120).  However, in 2003, Plaintiff

underwent surgeries and treatment for severe left claudication with left superficial

femoral artery occlusion, right lateral disc protrusion L3-4 compromising the right L3 exit

foramen, and bilateral knee pain with deformities, tenderness, and crepitus.  (Tr. 122,

173-74, 196-214).  Plaintiff testified that he elevates his legs 15-20 minutes every hour

and has to take off his shoes two to three hours a day.  (Tr. 163).

Despite Plaintiff's allegations that the ALJ did not consider such complaints, the

ALJ did, in fact, consider the record as a whole and reasonably determined that the

evidence of record did not support Plaintiff's allegations of disabling pain.  In fact, the

ALJ included numerous examples of Plaintiff's alleged pain throughout his decision: "In

May 2004, the claimant complained of pain in his left calf and foot with walking, but he

said he had no rest pain" (Tr. 18-19); "The claimant said he continued to have night

discomfort in the calf, especially on the left, and his calves cramped frequently." (Tr. 19);

"In July 2005, the claimant sought treatment for pain and reduced sensation in his left

lower extremity." (Tr. 19) and; "I have considered the claimant's allegations of pain in

establishing his residual functional capacity.  The claimant's knee arthritis and left leg

claudication would be expected to cause pain with prolonged ambulation or standing."
(Tr. 22). Still, the objective medical evidence indicates that Plaintiff is capable of
walking and/or standing for 30 minutes up to two hours of an eight hour day, lifting ten
pounds frequently and 20 pounds occasionally, and occasionally bending and stooping.
(Tr. 309). This objective medical evidence contradicts Plaintiff's contention of disabling
pain and provides support for the ALJ's credibility finding as well as his RFC finding.

In evaluating the extent of Plaintiff's pain, the ALJ also considered that several of
Plaintiff's assertions were not supported in the record. For instance, the ALJ considered
that, although Plaintiff claimed that he needed a total knee replacement, there was no
objective medical evidence supporting his contention and such a surgery was never
recommended. (Tr. 21, 286). Also, despite Plaintiff's assertion that he needed to elevate
his leg two times each hour due to pain, the medical evidence failed to support his
contentions. (Tr. 21). Plaintiff himself indicated that he can walk two city blocks, that he
engages in a wide variety of daily activities, and that he actively plays with his daughter.
(Tr. 22). Indeed, Dr. Watson, the medical expert, testified that it was not medically
necessary for Plaintiff to elevate his leg. (Tr. 323). The ALJ also considered Plaintiff's
assertions that his vision was worsening. (Tr. 21, 287-88). Again, the medical evidence
did not support his contention. The ALJ also considered that Plaintiff had not been
completely compliant with treatment recommendations. Plaintiff smoked, despite being
advised to stop, he did not follow a strict diabetic diet, and he did not always take his
medication appropriately. (Tr. 19, 21, 205). The ALJ reasonably considered that if

-7-

Plaintiff's pain were as disabling as he alleged, he would likely have been more compliant with his physicians' recommendations.  (Tr. 22).

The ALJ also considered that the medical opinions of record weighed against Plaintiff's claim of disabling pain.  On October 11, 2005, Dr. Watson testified that Plaintiff could sit for one hour up to a total of seven hours; stand and walk 30 minutes up to a total of two hours; lift ten pounds frequently and 20 pounds occasionally; and occasionally bend and stoop.  (Tr. 309).  Accordingly, Dr. Watson testified that Plaintiff did not have any impairment that met or equaled a listed impairment under the federal regulations.  (Tr. 305).  Dr. Watson also testified that it was not medically necessary for Plaintiff to elevate his leg.  (Tr. 323).  Dr. Morton, a state agency physician, reviewed the record and found that Plaintiff could heel and toe walk; squat 10 to 20 percent of the time and had negative straight leg raising bilaterally sitting.  (Tr. 157).  He opined that Plaintiff could perform light exertional work, but was limited in pushing and pulling with his right lower extremity.  (Tr. 156).  On November 4, 2004, Dr. Gahman, another state agency physician, also reviewed the record evidence and affirmed the findings of Dr. Morton. (Tr. 160).

As noted above, the issue is not whether the record could support a finding of disability, but rather whether the ALJ's decision is supported by substantial evidence. *See Casey v. Sec'y of Health & Human Servs*., 987 F.2d 1230, 1233 (6th Cir. 1993).  The ALJ properly evaluated Plaintiff's allegations in accordance with controlling law, and he reasonably concluded that they were not fully credible.  The ALJ's credibility finding is

-8-

entitled to deference and thus should be affirmed.  *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) ("Upon review, we are to accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying.").

Accordingly, there is substantial evidence in the record supporting the ALJ's finding that Plaintiff's symptoms were not disabling.  The ALJ clearly articulated his reasoning for the weight assigned to Plaintiffs allegations of pain, and the undersigned finds that the ALJ's decision to give little weight to Plaintiff's complaints of disabling pain is supported by substantial evidence.

## B.

For the second assignment of error, Plaintiff claims that the ALJ failed to consider all medical evidence with regard to Plaintiff's weakness.  Specifically, Plaintiff cites to a statement the ALJ made in his decision that "the claimant had a laminectomy in 1995, and since then no diagnostic testing has shown any nerve root compression, neurological impairment, strength loss, or radiculopathy."  (Tr. 21).  Plaintiff, however, claims that there are numerous notations in the record that suggest otherwise.  To the extent that the ALJ may have misstated the record, any misstatement would be harmless, because the ALJ largely relied on the opinion of Dr. Watson, the medical expert, who considered all of the record evidence and found that Plaintiff was not disabled.  *Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999) ("We have consistently held that a deficiency in opinion-writing is not a sufficient reason for setting aside an administrative finding where the deficiency had no practical effect on the outcome of the case."); *see also Fisher v. Bowen*,

869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different decision.").

Further, throughout his decision, the ALJ acknowledged that Plaintiff's medical conditions significantly limited him.  For instance, the ALJ found that Plaintiff's knee arthritis and left leg claudication would be expected to cause pain with prolonged ambulation of standing.  (Tr. 22).  The ALJ also considered the evidence of Plaintiff's lower extremity weakness, his reports of increased pain with bending and twisting, evidence of restricted lumbar motion and problems squatting.  (Tr. 22).  Accordingly, the ALJ placed restrictions on Plaintiff's abilities in his RFC finding:

> Plaintiff "can lift/carry/push/pull up to 20 pounds occasionally...He can
>
> stand and/or walk for up to 2 hours per 8 hour workday, he can do so for 30 minutes at a time, but he then must be able to sit for 2-3 minutes...He can never crawl, climb ladders/ropes/scaffolds, or perform work requiring the forceful use of either lower extremity.  He should not work at unprotected heights or around hazardous machinery.  The claimant cannot remember or carry out detailed instructions."

(Tr. 20).

Accordingly, even if the ALJ did misstate the record, it was not reversable error. The ALJ outlined all of Plaintiff's weaknesses and limitations in his decision and his RFC is therefore supported by substantial evidence.

## C.

Finally, for the last assignment of error, Plaintiff claims that the ALJ failed to consider additional evidence that Plaintiff supplemented after the hearing.  Notably, after the hearing, the ALJ left the record open to supplement additional records from Christ Hospital, dated 7/24/05 - 9/26/05 (Tr. 245-253), Good Samaritan Hospital, dated 10/6/05 (Tr. 254-55) and from Dr. Jose Martinez, dated 10/11/05 (Tr. 258).

Plaintiff's argument, however, is inconsistent with the ALJ's decision.  In his decision, the ALJ referred to Plaintiff's treatment in July 2005 as well as an emergency room visit on October 6, 2005, both of which were medical reports that Plaintiff submitted after the hearing.  (Tr. 19, 21).  Although the ALJ did not expressly discuss all of the evidence submitted, the ALJ's decision supports the fact that he considered the evidence submitted after the hearing.  *See Anderson v. Bowen*, 868 F.2d 921, 924 (7th Cir. 1989) ("We have repeatedly held that a written evaluation of every piece of evidence of testimony and submitted evidence is not required.").[2]

Moreover, Plaintiff does not explain how the supplemented medical records demonstrate a significant change in Plaintiff's condition.  The additional evidence submitted after the hearing showed that Plaintiff went to the emergency room on several occasions (July 2005, August 2005, September 2005 and October 2005) for right leg pain or burning down his right leg.  (Tr. 249, 247, 245, 254).  The records further indicate that

---

[2]  Plaintiff mentions in his Statement of Errors that he suffered from a subsequent heart attack and stent placements in January, 2007.  However, Plaintiff does not attach additional evidence regarding the heart attack, nor does he argue that the case should be remanded pursuant to sentence six based on his heart attack.  Therefore, the undersigned does not address this point in its Report and Reccomendation.

Plaintiff was diagnosed with right leg pain, sciatica, and knee strain, and he was told to follow-up with orthopedics.  (Tr. 248, 245).  Finally, the records show that in October 2005, Plaintiff was placed in an immobilizer, given a prescription for Vicodin, and told to use ice and crutches and follow up with orthopedic surgery.  (Tr. 254).  These ailments are consistent with the injuries considered by the ALJ in the original record.

Despite the injury evidenced in these records, Plaintiff's RFC was supported by substantial evidence.

### III.

For the foregoing reasons, Plaintiff's assignments of error are without merit.  The ALJ's decision is supported by substantial evidence and should be affirmed.

**IT IS THEREFORE RECOMMENDED THAT:**

The decision of the Commissioner, that Plaintiff was not entitled to a period of disability and disability insurance benefits or supplemental security income, be found **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**; and, as no further matters remain pending for the Court's review, this case be **CLOSED.**


Date:  <u>August 27, 2008</u>            <u>s/ Timothy S. Black</u>
                                    Timothy S. Black
                                    United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TERRY L. TAYLOR, | : | Case No. 1:07-cv-627 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **TEN (10) DAYS** after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to **THIRTEEN (13) DAYS** (excluding intervening Saturdays, Sundays, and legal holidays) when this Report is being served by mail and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to another party's objections within **TEN (10) DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 (1985).